Filed 7/31/14  In re Carlos H. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re CARLOS H., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>CARLOS H.,<br><br>　　　Defendant and Appellant. | A141280<br><br>(Solano County<br>Super. Ct. No. J41821) |

Counsel appointed for appellant, the minor Carlos H., has asked this court to independently examine the record in accordance with *People v. Wende* (1979) 25 Cal.3d 436, to determine if there are any arguable issues that require briefing.  Appellant was informed of his right to file a supplemental brief, but elected not to do so.  We have conducted that review, conclude there are no arguable issues, and affirm.

The salient background information is briefly summarized, as follows:

The First Petition

On December 20, 2012, appellant asked a man if he could see his cell phone.  The man refused, and as he attempted to put the phone away, appellant tried to grab it.  The man pulled away, but appellant grabbed him by the wrist and threw him to the ground.  The man got up and tried to hit appellant, who again threw him to the ground, and proceeded to hit him in the face approximately ten times.  The man got up, and told

1

appellant that he would call the police if he hit him again. Appellant replied, "I'll beat your ass if you call the police."

On December 21, 2012, appellant pushed a woman from behind. She fell to her knees and dropped her phone, which appellant took and ran away.

On December 24, 2012, the Alameda County District Attorney filed a petition alleging that appellant came within the provisions of section 602 of the Welfare and Institutions Code as a result of committing three felonies: robbery (Pen. Code § 211); attempted robbery (§§ 664 and 221); and dissuading a witness, (§ 136.1, subd. (c)(1)).

On January 8, 2013, appellant admitted the attempted robbery, and the two remaining counts were dismissed.

On January 9, 2013, the juvenile court in Alameda County ordered the case transferred to Solano County for disposition, the county where appellant's guardian (his grandmother) resided. Solano County accepted the transfer.

At a disposition hearing on February 5, 2013, the Solano County Juvenile Court adjudged appellant a ward of the court and granted him probation. The court set the maximum period of confinement at three years, committed appellant to serve sixty days in the juvenile hall (with credit for 47 days served), and to serve three additional weekends in juvenile hall, followed by participation in Valley Day Reporting Center until at least the end of the school year.

The Second Petition

On January 31, 2014, the Solano County District Attorney filed a petition alleging that on January 30, 2014, appellant committed two more felonies: first degree burglary, (Pen. Code §§ 459, 460, subd. (a)) and receiving stolen property (Pen. Code § 496, subd. (a)). The facts leading to this second petition, taken from the supplemental report prepared by the probation department, were that following a report of a residential burglary in Vallejo, appellant was searched and found to be in possession of two decorative letter openers, foreign coins, jewelry, and a watch, items identified as being taken during the burglary. Appellant also admitted he dropped a camera when he left the site of the burglary.

2

On February 3, 2014, the juvenile court ordered appellant placed in temporary care, custody, and control of the probation department, and continued the matter to February 11, 2014.

On February 11, appellant admitted the receiving stolen property charge, and the burglary charge was dismissed with a *Harvey* waiver.

On review of the probation report, counsel for appellant requested a contested disposition, and hearing on such request was held on March 7, 2014. Following that hearing, the juvenile court continued appellant as a ward of the court; committed him to 31 days in juvenile hall; and ordered him to obey all laws and a curfew; submit to search and seizure, and pay a restitution fine of $100. The court also ordered appellant placed in the Challenge Program, the program recommended by the probation department.

The focus of the contested hearing was appellant's placement. Challenge is a behavior modification program intended to teach minors to make better choices, and includes schooling. It is designed to "mirror" the Right of Passage program, which is not a locked facility, but is geographically isolated. The reasons for the probation officer's recommendation included that appellant had a high risk to re-offend. The assessment also found that one of appellant's principal needs was family dynamics, based on information received from appellant's grandmother, who is also his guardian, and furloughs are available in the Challenge program if the minor has strong family ties. In fact, appellant's grandmother agreed with the placement plan.

On March 12 appellant filed a notice of appeal.

At all relevant times, appellant was represented by counsel who defended his interests with admirable zeal and ability.

All conditions of probation were appropriate, as was the restitution fine and appellant's placement.

The judgment of conviction is affirmed.

                                _____

                                Richman, J.

We concur:


_____

Kline, P.J.


_____

Brick, J.[*]

---

[*] Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.